*Addison,*
January.
1814.

Judd
*vs.*
Leonard.

———

## The Town of MIDDLEBURY *vs.* the Town of HUBBARDTON.

An action of general *indebitatus assumpsit*, for monies paid, laid out and expended, will not lie in favor of one town against another, to recover for monies expended for the support of a pauper. The action in such case must be brought on the statute, stating a case within some one of its provisions.

THIS was an action of *indebitatus assumpsit*, for monies paid, laid out and expended by the town of Middlebury, for the support of Clarrissa Pier, a pauper, who was taken sick in Middlebury, and whose legal settlement was in the town of Hubbardton.

*Addison,*
January.
1814.

Plea—*the general issue.*

*D. Chipman* for the plaintiff, stated, that the pauper, whose legal settlement was in the town of Hubbardton, being a hired servant in Middlebury, was there taken sick about the first day of November, 1811. That on the third day of the same November, an order was regularly made by two justices, to remove her to the town of Hubbardton. That on the recovery of the said pauper, and as soon as she was able to be removed, to wit, on the 9th day of the same November, she was in pursuance of said order of removal, removed by the town of Middlebury to the town of Hubbardton. That a bill of the expense, paid by the town of Middlebury, for her support while sick there, and of the expense of her removal, was, on the same 9th day of November, presented to the Overseers of the poor of the

*Addison,*
*January.*
*1814*

town of Hubbardton, with a demand of payment, and, that payment was refused.

*Middlcbu'y*
*vs.*
*Hubbardt'n*

*Edmond* for the defendant. The action in this case should have been brought on the statute, it will not lie at common law. It is true that there is a general provision in the statute. that each town in this State shall support their own paupers ; but this does not enable a town, at their option, to support the pauper of anoher town, and recover the expense of the town where the pauper belongs. On the contrary, the statute has very carefully and very wisely protected towns against such charges. And no town can be made chargeable for the support of their paupers, except in the cases provided for by the Statute, and by pursuing the steps, therein pointed out, in each particular case. If we are correct in this, it follows, that an action of *indebitatus assumpsit,* will not lie in such case. It is necessary that the action be brought on the *statute,* making out a case within some of its provisions. But, in this case, the declaration appears to have been made with a view to a case under the eleventh section of the act; and the statement of the evidence makes out a case under the fourth section. As the action, therefore, can on no ground be supported—the plaintiff ought to be nonsuited.

*Doolittle* for the plaintiff. It is not necessary in this case to declare upon the statute. The declaration is for monies paid, laid out and expended, by the town of Middlebury, for the sapport of a pauper, who belonged to Hubbardton, whose duty it was to support her. The town of Hubbardton are therefore liable upon the principles of equity and good conscience to refund the money—at any rate, it is sufficient for the plaintiff to make out a case within any one of the provisions of the statute.

CHIPMAN, Ch. J. deliverered the opinion of the Court. The third section of the act, providing for the support of the poor, makes provision for the removal, to the place of his last legal settlement, of a person residing in a town, and who is likely to become chargeable to such town ; such removal is to be made at the expense of the town, making the removal. The fourth section provides for the removal of a person resident in a town, who, by reason of sickness cannot for a time be removed ; and gives the town, incurring the charge of his maintainance, a remedy for the expense of the sickness, and also of the removal, if removed on recovery, against the town of such persons last legal settlement.

The eleventh section provides for the case of a transient person *Addison,* suddenly taken sick or lame, and in need of relief. The town January. where such person is so taken sick or lame, are to provide for his 1814. support ; and, if he be not of sufficient ability to defray the expense Middlebu'y of his support with the contingent charges, the overseers of the vs. poor of such town, may recover the same, by an action for monies Hubbardt'n paid, laid out and expended, from the town or place of such persons last legal settlement. It will be seen that the fourth section gives no particular action, it must therefore be a special action on the case upon the Statute. The eleventh section gives an action for monies paid, laid out and expended. But a general *indebitatus assumpsit,* or monies paid, laid out and expended, will not lie. A case must be made in the declaration, within this section of the statute. It must be stated that the person provided for was a transient person suddenly taken sick, or lame as the case may be, in the town, and not of sufficient ability to defray the expense of his support, with the contingent charges ; and averring, the town on which the demand is made, to be the place of his last legal settlement. All this is necessary to raise the liability under the statute, and to distinguish it from cases arising under the fourth section. In declaring on a case under the fourth section, it must be averred that the pauper had come to reside in the town, had become chargeable and was unable to be removed ; and the declaration must also set forth the sums expended for the support,and the expense of removal, if after a recovery actually removed ; that the account was presented and payment refused.

It has been well observed by the council for the defendant, that an action will not lie at common law, against a town for the support of their paupers, by any other town ; and it is equally clear, that such action cannot be maintained on the general provision in the statute, declaring it to be the duty of each town to support their own paupers, for the statute has pointed out, in what particular cases, they shall be liable to another town for their support, and what step, must be taken to render them liable. The declaration in this case does not come up to either of the cases provided for by the statute. It comes nearest to the case provided for by the eleventh section, but the case, as stated by the plaintiff's counsel, is a case under the fourth section. The action cannot be supported ; there must, then, be a nonsuit.—Farrand and Hubbard, justices concurred.