RUTLAND,
*February,*
1836.

Egerton
*vs.*
Hart et al.

---

### SELECTMEN of CASTLETON *vs.* LEWIS MINER *et al.*

RUTLAND,
*February,*
1836.

In the case of a warranty against all claims of a certain character, in case of suit brought against the covenantee, he must notify the covenantor or the judgment will be considered strictly *res inter alios acta.*

The warrantor may in such case contest the judgment on its original merits, and by showing it without just foundation, compel the covenantee to bear the loss of a payment made under it, as a voluntary payment.

But the covenantee may submit to pay the claim even without suit, and in that case will recover of the warrantor by showing it to have been a claim which he could not have resisted.

No obligation rests upon towns, aside from the provisions of the statute to sustain their poor, nor can they be compelled to pay for the necessary support of an acknowledged pauper, unless by *express* contract with them in their corporate capacity, or with the overseers in the mode pointed out by statute.

This was an action of debt on bond conditioned to support the poor of the town of Castleton for one year from 12th day of March 1832, and at the end of said year *"return said poor as well clothed as they were at the making of the contract,"* and to indemnify and save the town harmless from all " expense, loss or cost on account of said poor."

The issue joined to the jury in the court below, was, whether the defendants had saved the town of Castleton harmless, and whether the town had been legally damnified on the account of defendant's neglect. The bond was executed in the name of the selectmen of the town.

RUTLAND,
*February*,
1836.
Castleton
*vs.*
Minor et al.

The plaintiffs gave in evidence the record of a suit and judgment in favor of Isaac Ressique against said town of Castleton, with evidence showing that the said judgment was paid by the said town, before the commencement of this suit. It appeared in evidence that the claim on which said Ressique so recovered was for necessary support furnished to Mrs. Dewey at his house in Hubbardton in A. D. 1832, subsequently to the execution of the bond in suit. That the person so supported had been an annual charge upon said town of Castleton for several years and kept by said Ressenque sometimes by contract with the selectmen and at others by agreement with those who had contracted to support the paupers of said town—that she was very old, entirely helpless and incapable of being removed from the house of said Ressique at any time in 1832, without danger to her life or health. That for the year next previous to the execution of said bond, said Ressique kept said pauper in virtue of an agreement made with one Lush who was under contract with said town to support the poor of said town for that year. That the facts aforesaid were known to defendants at the giving of said bond. That after the execution of the bond in suit the defendant Miner sent to said Ressique, signifying his (said Miner's) determination not to do any thing about supporting said pauper. Ressique continued to support her until her death in June 1832. No evidence was given tending to show that said Ressigue kept said pauper in A. D. 1832 by direction or request of the town or any of its officers unless such request ought to be implied from the facts aforesaid. It did not appear that either of the defendants had notice of said Ressique's suit against the town.

The court having expressed their opinion that upon this showing the plaintiffs were not entitled to recover they submitted to a non-suit with liberty to move the supreme court to set the same aside,

*Merrill and Ormsbee for plaintiff.*—The undertaking of Miner to support the poor was unconditional and absolute. By the terms and spirit of the bond he was obliged to indemnify and save the town harmless in the premises.

At the time of the execution of the bond, Mrs. Dewey was known by the defendants to be a pauper chargeable on the town. She had long been supported by Ressique at the expense of the town, and at this time, and until her death, was so infirm that she could not be removed without endangering her life.

The town then was liable to Ressique who collected his pay of the town in a legal way.

But the case shows that defendant Miner sent word to Mr. Ressique that he should do nothing towards the pauper's support.

The plaintiff contends that after contracting to support the poor he cannot discharge himself or the town by refusing to fulfil his engagement.

*Argument for defendants.*—The judgment in favor of Ressique against Castleton was rendered on default, without any knowledge of the suit being communicated to either of the defendants until after the town was actually charged with execution.

The defendants insist, that to the action in favor of Ressigue, the plaintiff had a good and legal defence, and that the plaintiff should have either made that defence, or afforded the defendants an opportunity to make it, by giving them timely notice of the pendency of the suit.

The plaintiff having failed to do this, it only remains to enquire whether Ressique had any claim, or cause of action against the town?

At the trial below it appeared, that the pauper, for whose maintainance Ressique recovered, was his wife's mother; that neither the town, the defendants, nor any person on their account, had ever employed him to render her any assistance, and that all he had done for her, were mere voluntary acts of charity, or affection, induced by the relation subsisting between them.

That such acts give no right of recovery, has been settled, by repeated decisions in our own state. In the case of *Middlebury* vs. *Hubbardton*, 1 D. Chip. 205, it was decided, that an action will not lie, at common law, against a town for the support of their paupers, and the learned judge proceeds to say, " that it is equally clear that such action cannot be maintained on the general provision in the statute, declaring it to be the duty of each town to support their own paupers." The same principle is recognized in the case of *Jamacia* vs. *Guilford*, 2 D. Chip. 103.

But the case of *Aldrich* vs. *Londonderry*, 5 Vt. R. 441, is exactly in point. It is there decided that no action can be maintained against a town, at the suit of an individual, on the general provisions of the statute declaring it to be the duty of a town to support their own poor, nor will any action lie against them for support afforded to a pauper, unless it was afforded at their request, or unless there be a subsequent promise to pay. In giving the opin-

RUTLAND,
*February,*
1836.

Castleton
*vs.*
Miner et al.

RUTLAND,
*February,*
1836.

Castleton
*vs.*
Miner et al.

ion of the court, the judge there says, " No principle seems to be better settled than this, that there is no implied contract on the part of a town, to pay for services, or relief afforded to a pauper, which was not afforded at their special request.

The opinion of the court was delivered by

REDFIELD, J.—As the judgment in favor of Ressique against the town was without notice to the defendants or either of them, they are not in any way affected by it. It is strictly *res inter alios acta.* How far the case might have been affected by notice of the suit to defendants, and a subsequent judgment against the town of Castleton, it is not necessary to determine.

The question then must be determined upon the character of Ressique's claim against the town. If that was a legal claim, which might be enforced against the town, and he had brought suit or demanded pay, they were not obliged to enter into litigation with him, but might pay the amount due either before or after judgment, and without notice to defendants. But in paying a claim, as without giving the defendants, as warrantors, an opportunity to contest it, they would act at their peril; and in a suit to recover the amount, must assume the burden of showing, that the claim was just and legal, and that it could not have been successfully resisted.— *Hamilton* vs. *Cutts and wife,* 4 Mass. 349.—9 Conn. 154, *Stone* vs. *Hooker.*

The question to be determined here is, whether Ressique had any *legal avoidable* claim upon the town of Castleton to reimburse expenses, which he had incurred in the support of Mrs. Dewey.

It is admitted there was no express contract between Ressique and the town. Ressique had supported her the year before for the town by legal contract, and she was incapable of being removed, and the defendants being *bound* to support her *expressly* refused so to do. This may be a case of extreme severity, but the court can see no just grounds upon which it can be said the town were chargeable.

It has been too long settled, both in Westminster Hall and in the United States, that no obligation now, aside from that imposed by statue, rests upon towns to sustain their own poor, to be brought in question. The obligation is altogether a matter of positive law, and the right of any one to compel towns to pay for the support of their poor is one *stricti juris,* and cannot be enforced except in accordance with some statutory provision.—See *Middlebury* vs. *Hubbardton,* 1 D. Chip. 205.—*Jamacia* vs. *Guilford,* 2 D. Chip

R. 103, and the numerous cases referred to in the case of *Aldrich* vs. *Londonderry*.—No obligation rests upon towns, as such, to support their poor, any more than to support stated preaching or regular schools.  Nor are towns any more bound to this duty, than school districts or county or any other public corporations, aside from the requisitions of the statute.  Hence it has always been held that an obligation or a promise on the part of the town to pay for the support of their poor, can never be implied.  The contract must always be express, either with the town or the overseer, and in the latter case it has been held, the overseer must comply strictly with the privisions of the statute, or he does not bind the town.  The case of *Aldrich* vs. *Londonderry*, 5 Vt. R. 441, is fully in point.  It is almost the same case.  And here, although Mrs. Dewey could not have been removed, and was an acknowledged pauper of the town of Castleton, still Ressique could not compel them to pay for her necessary support, except by appplication to the overseers of the poor of Hubbardton, where the pauper was.  This he should have done, and thus Castleton would have been *compelled* to defray the expense of sustaining the pauper, and could, in that case, have recovered the amount of defendants. But as they have *voluntarily* paid an expense which could not have been recovered of them, they must bear the loss, and the defendants thus escape perhaps an equitable claim.  Of this however we know nothing.

The judgment of this court is, that the plaintiffs take nothing by their motion, and that the judgment of the court below is affirmed.