SILAS HOUGHTON *v.* TOWN OF DANVILLE.

CALEDONIA,
March,
1838.

No action against a town, for relief of the poor, can be sustained, except where given by *express statute*, or where there is an *express contract.* A jailer, furnishing relief to an imprisoned pauper, can sustain no action against the town, though the overseers were requested to furnish relief and neglected to do so.

The facts in this case are sufficiently stated in the opinion of the Court, which was delivered by

COLLAMER, J. - This was an action on book, and from the auditor's report, the following facts appear. That the plaintiff was keeper of the common jail in Danville—that a person was confined in jail, on execution, who was entirely unable to support himself—that the plaintiff informed the overseer of the poor thereof—that the plaintiff afterwards supported the pauper in the jail ; and for such support the present action is brought.

The County Court rendered judgment for the defendants, and the plaintiff excepted.

If the pauper had no settlement in this state, his support was chargeable to the state's treasurer. (Statute, p. 334.) The case does not show that he had any settlement or residence in Vermont, and therefore does not show any certain claim against the defendants. If he had a settlement in Danville, the action can be sustained only by force of the statute, (Sec. 2. p. 370.) which declares "that every town and place in this state shall relieve, support, and maintain their own poor." If he had a settlement in any other town in the. state, and was a transient person within the town of Danville, the claim must be sustained, if at all, on the statute (Sec. 11, p. 372) which provides that after the situation of such person is represented to the overseers, they "shall provide for the support of such transient person." In this last case, if the overseers furnish the support to such transient person, they may have an action therefor against the town to which he belongs ; for it is expressly given by statute. But the question here is, suppose the overseers do not furnish the support, can another person furnish it and recover of the town ? These two directions of the statute are then substantially the same, and equally imperative on the overseers in relation to their own poor and the transient poor ; and they have in relation to each, for the time being, the same measure

of duty. The case, then presents this question; suppose a poor person belonging to Danville, entirely unable to relieve or support himself, is casually confined by sickness or otherwise to another man's house, and incapable of being removed, and the overseers are so informed, and requested to relieve him, and they entirely neglect or refuse so to do, may the person, at whose house he is, or any other person yield such support, without any request from the overseer, and recover therefor from the town? It cannot be on any express contract or request, for none was made. It cannot be on any statute expressly giving such an action, for none exists. It can only be on an implied promise, arising from the legal obligation imposed upon the town by those general expressions in the statute already stated.

On this subject it is unnecessary for me to express what might have been my views, were this *res integra.* There was a period in the history of our jurisprudence, when these general expressions in the statute were considered as creating a duty upon towns, for which, if performed by others, they were bound to pay; or it gave a legal ground of action. In 1818, in the case of *St. Albans* v. *Georgia,* (Brayton's R. 177) it was holden, where a person *came to reside* in a town and was taken sick, and was poor, and sustained by such town, without any order of removal, an action might be sustained therefor, against the town where he had his legal settlement. This was by force of the second section, declaring that every town shall maintain its own poor. The same year in the case of *Holmes* v. *St. Albans,* (Brayton's Rep. 179) it was holden that an action might be sustained by the jailer who supported a pauper, by virtue of the expression in the 11th section, in relation to transient poor; for the pauper in that case belonged to Rutland. Since that time, this subject has been frequently presented, much considered, and fully decided. (*Middlebury* v. *Hubbardton,* 2 D. Chip. R. 205. *Aldrich* v. *Londonderry,* 5 Vt. Rep. 441. *Ives* v. *Wallingford,* 8 Vt. Rep. 224, *Miner* v. *Castleton,* 8 Vt. Rep. 209, and many unreported cases. *Gallup* v. *Pomfret,* ——— v. *Craftsbury,* and many others.) By these cases it is fully decided that no action can be sustained against a town, for relief to the poor, unless the statute *expressly* gives the action, or there is an express contract by the overseers, made within the power

vested in them by the statute; and that these general expres-
sions in the statute, declaring it the duty of towns to sustain
their own and the transient poor, create no legal obligation.
The result is, that the question of who are the proper subjects
for relief, is always to be decided by *the overseers only;* that
they alone are to decide who are to receive relief and support,
and they *alone* are to be the almoners of the public bounty
or charity. And if this duty is wholly disregarded, no matter
how pressing the necessity, or imperative the circumstances,
others cannot do the duty, or afford the relief, and collect it
of the town. In the case of *Gallup* v. *Pomfret*, the subject
was in need of immediate surgical aid to save his life, which
was furnished, but not permitted to be collected. In the
other cases, above cited, the subjects were sick and acknow-
ledgedly poor, and belonging to the town, were at the claim-
ants' houses, and in some cases incapable of being removed,
and the overseers fully informed; yet, because no express re-
quest or contract by the overseers could be shown, a recovery
was not permitted. Whether neighbors or strangers, sick
or in prison, no one can extend to them any charity but his
own, except the overseers of the poor. This is too fully set-
tled to be shaken but by legislation. The plaintiff, therefore,
cannot recover in this form of action or any other.

Judgment affirmed.

*Charles Davis* and *G. C. Cahoon* for plaintiff.
*T. Howard* for defendants.