#### FOR THE

## COUNTY OF LAMOILLE,

### APRIL TERM, 1846.

PRESENT,

Hon. STEPHEN ROYCE,  
Hon. MILO L. BENNETT, } ASSISTANT JUDGES.  
Hon. DANIEL KELLOGG,

---

## HIRAM WOLCOTT *v.* TOWN OF WOLCOTT.

Where a transient person is taken sick and is in need of relief, and the person, at whose house he is, gives notice to the overseers of the poor of the town in which he resides and requests them to provide for the pauper, and the overseers request him to do what is necessary, he may recover for his services and expenses, in taking care of the pauper, in an action on book account against the town.

The acts of a major part of the overseers of the poor, in this respect, are binding upon the town.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and an auditor was appointed, who reported the facts substantially as follows.

In March, 1842, one Eunice Shippe, a transient person, was taken sick at the house of the plaintiff, in the town of Wolcott, and

was in need of relief. On the 31st day of March the plaintiff gave notice of this to the overseers of the poor of the town, and requested them to provide for her. One of the overseers, Mr. Whitney, told the plaintiff " to go on and take care of the girl, and he would be up and see to her." The plaintiff did continue to take care of and support her, until she died, which was on the second day of April; and he also defrayed the expenses of her funeral. On the second day of April another of the overseers of the poor of the town went to Whitney, the overseer who had seen the plaintiff, requesting Whitney to attend to the case, saying that it ought to be seen to immediately, and informing him that he was about going out of town and could not attend to it himself. The plaintiff claimed to be allowed, for his services and expenses, the sum of $13,25.

The county court accepted the report of the auditor and rendered judgment thereon for the plaintiff. Exceptions by defendants.

*W. G. Ferrin,* for defendants, insisted, that the action on book account could not be sustained, upon the facts reported by the auditor; but that the plaintiff should have founded his action upon the statute; and cited *Middlebury* v. *Hubbardton,* 1 D. Ch. 205; *Danville* v. *Putney,* 6 Vt. 512; *Jamaica* v. *Guilford,* 2 D. Ch. 103; *Houghton* v. *Danville,* 10 Vt. 537; and *Castleton* v. *Miner,* 8 Vt. 209.

*Poland,* for plaintiff, cited *Danville* v. *Putney,* 6 Vt. 512; *Hubbell* v. *Gale,* 3 Vt. 266; *Vt. M. Fire Ins. Co.* v. *Cummings,* 11 Vt. 503; *Stone* v. *Berkshire Cong'l Society,* 14 Vt. 86; and *Washington* v. *Rising,* Brayt. 188.

The opinion of the court was delivered by

BENNETT, J. It is objected, that the plaintiff has no such claim, as will enable him to sustain an action on book account against the town.

It has been frequently decided in this state, that this form of action may well be sustained against towns; and we see no reason, why the plaintiff should not recover. The pauper fell sick at the plaintiff's house, and notice was given of that fact, on the 31st of March, 1842, to the town; and on the evening of the same day Whitney,

one of the overseers of the poor of the town, was called upon by the plaintiff and was requested to provide for the pauper. Whitney told the plaintiff to go home and take care of the girl, and he would be up and see to her; and on the second day of April Mr. Stone, another overseer of the poor, requested Whitney to attend to the business of providing for this pauper without delay, as he was going from home.

If there had been nothing in this case, except the fact, that this transient pauper had been supported by the plaintiff, after he had given notice to the town and had requested the overseers of the poor to provide for her, the obligation upon the town would have been what has been called a *statutory obligation*, simply; and the action on book account could not have been sustained. In such a case the action does not arise out of any contract, expressed or implied, but is given by statute. To extend the action on book to such a case would be to abolish all the distinctive boundaries governing that form of action.

But in this case there was evidence before the auditor, tending to prove that the town assumed the support of the pauper, by requesting the plaintiff to provide for her. No doubt the acts of a major part of the overseers are binding upon the town. It is a general principle, that where a board of officers is constituted, to perform a duty provided by law, the act of a majority is the act of the whole body. *King* v. *Beeston*, 3 T. R. 592. *Jones* v. *Andover*, 9 Pick. 146. *Damon* v. *Granby*, 2 Pick. 345. In this case the request of Stone to Whitney on the second of April, that he would attend to the business without delay, would have the effect to ratify his previous proceedings in providing a support for this same pauper, if Whitney chose to let the matter rest upon what he had previously told the plaintiff. The auditor was the judge of the sufficiency of the proof, to show a request to the plaintiff to support the pauper. It would be no matter of error, if this court should think the evidence insufficient. It having been in effect found, that the services were performed at the request of the town, the action on book account well lies, upon principles long established relating to that action.

Upon the death of the pauper it was incumbent upon the town to see that she had a christian burial; and there is no reason, why the plaintiff should not be allowed the charge for funeral expenses. The

duty of the plaintiff to bury the pauper at the expense of the town was *incident* to the obligation, which he assumed at the request of the town, to provide for her.

The judgment of the county court is affirmed.