## ALONZO WORCESTER v. LUTHER P. BALLARD.

### Pauper. Contract.

*It seems* that if relief be afforded to a pauper at the request of the overseer of the poor, the law implies a promise to pay for the same, and there is no more need of an express promise than between private persons.

The defendant being employed by the overseer of his town to take care of the paupers of the town for several years, at a price agreed upon, contracted with the plaintiff to board the defendant's sister, one of the paupers of the said town, for $1.25 per week. At the end of the year the defendant sent word to the plaintiff that if he could not keep the said pauper the next year for $1. per week, the defendant would take her away, and the plaintiff sent word back that he could not keep her for that sum, and to come and get her; but the defendant neither took her away nor offered to do so during the year. *Held*, that the plaintiff was warranted in understanding the defendant as requesting him to keep the said pauper at the defendant's expense until he took her away.

At the beginning of the next year substantially the same conversation took place between the plaintiff and defendant, the plaintiff saying he could not keep her for less than one dollar and a quarter per week, and the defendant that he would give but a dollar and would take her away, but did not. *Held*, that his failure to take her away might well be regarded by the plaintiff as an assent to his proposal to keep her at the price he proposed.

BOOK ACCOUNT. The only item in dispute was for the board of a pauper. The case was submitted upon an agreed statement of facts, which sufficiently appear in the syllabus, and in the opinion of the court. Upon the agreed facts the court at the May Term, 1864, BARRETT, J., presiding, rendered judgment for the plaintiff to recover $1.25 per week for the two years claimed, with interest on the amount for each year from the end thereof,—to which the defendant excepted.

*J. J. Wilson* and *A. P. Hunton*, for the defendant.

*C. A. Webb*, for the plaintiff.

The opinion of the court was delivered by

POLAND, Ch. J. It was said by the court in *Aldrich* v. *Londonderry*, 5 Vt. 441, that there is no implied contract on the part of a town to pay for services, or relief afforded to a pauper, which was not afforded at their special request. In *Castleton* v. *Miner et al.*, 8 Vt. 209, the court said, speaking of the obligation of towns to support their paupers, "The obligation is altogether a matter of positive law, and the right of any one to compel towns to pay for the support of their poor is one *stricti juris*, and cannot be enforced except

Worcester v. Ballard.

in accordance with some statutory provision." In the same case it was said that to make a town liable for the support of a pauper, there must be an express promise—that a promise could never be implied. The reasons given in both cases were that their liability was founded on no natural or moral obligation ; that it arose wholly from legal requirement, and that such support was not in any proper sense one that was of pecuniary benefit to the town. The cases, neither of them, required quite so strong language as was used to describe the principle of their liability, and we apprehend it is stronger than is really justified by the law. If it be intended merely that a town cannot be made liable for the support of a pauper, except by virtue of a contract to that effect, (except in a case excepted by the statute,) it is undoubtedly correct. Merely because a person is poor and in need of relief will not ordinarily authorize any one to furnish such relief, and call upon the town for payment, without any contract with the town. But if such relief be afforded at the request of the overseer of the poor, we apprehend the law would imply a promise to pay, and there is no more need of an express promise than between private persons. Generally a private individual is not liable for any service or benefit conferred upon him, unless done at his request. If done at his request the law implies a promise to pay, and precisely the same thing would raise an implied promise to pay against a town. There are some cases where a husband or a parent may be made liable for necessaries furnished a wife or a minor child, without any request on his part. The principle of these cases could probably never be made available against a town, however neglectful they might be of their duty to support their poor. But except in the special instances referred to, and where the claim against a town rests upon a contract or agreement, the same facts and language which would constitute a contract between individuals, would also between an individual and an overseer of poor acting in behalf of his town, and when such support or aid was furnished at the request of an overseer, the law would imply a promise as readily, and to the same extent as between individuals. The later case of *Wolcott* v. *Wolcott*, 19 Vt. 37, seems to have proceeded upon a much more liberal view of such contracts, and to place them substantially on the same footing, as between individuals. The defend-

ant claims that he should be entitled to the same strict rule of law in his favor, as the plaintiff's claim is for supporting a pauper. If there is any real difference between contracts which will bind a town, and an individual, we see no reason why it should be applied in the defendant's favor. His obligation to support the pauper was not one imposed by strict law, and which he was under no moral obligation to fulfill, and the performance of which by another was of no pecuniary benefit to him. He had bound himself by contract to support the pauper, and had received or was to receive his pay therefor. He was under as much obligation for the support of the pauper as for the support of his minor child, and what would make him liable by contract for the keeping of one, would equally so as to the other.

But the defendant claims that he not only made no promise to pay the plaintiff for keeping his sister, the pauper, but that he never requested him to keep her. If what was done was not equivalent to a request by the defendant, he would not be liable. The plaintiff had kept her for two years by contract with the defendant,—the first year for one dollar a week, and the second for one dollar and twenty-five cents a week. At the expiration of the second year the defendant sent word to the plaintiff that if he could not keep his sister the pauper another year for one dollar per week, he would come and take her away. The plaintiff returned word to the defendant that he could not keep her for a dollar a week, and to come and take her away. The defendant never went and took her away, but allowed her to remain during the whole year. The defendant clearly acknowledged his liability to pay for the support of the pauper, and his duty to go and take her away from the plaintiff, unless he could make a contract with him to keep her. After this interchange of communications between the parties, the plaintiff was well warranted in understanding it as a request by the defendant to keep her till he came to take her away, and the defendant had no reason to suppose the plaintiff was doing, or could do, otherwise than to keep her at his expense so long as he allowed her to remain. Substantially the same thing took place between the parties at the beginning of the next year. The plaintiff told the defendant he would keep her another year for one dollar and twenty-five cents a week, which the defendant refused to pay, but said he would pay one dollar. This the

Worcester *v.* Ballard.

plaintiff declined to take, and the defendant said he would come and take her away, but did not, and allowed her to remain through the year.   This also we regard as clearly implying a request to keep her till he came for her, and his failure to come and take her away the last year, might well be regarded by the plaintiff as an assent to his proposal to keep her at the price he proposed.   The defendant relies on the case of *Aldrich* v. *Londonderry* as establishing that from these facts no request or promise should be implied against him.

In that case the pauper had been supported by the plaintiff, and at the expiration of the time the overseer of Londonderry went to see the plaintiff to make a new contract for another year.   The plaintiff offered to keep the pauper for seventy-five cents per week.   The overseer offered him twenty-two dollars for the year, which was the price of the previous year, and told the plaintiff he could not make any contract to give more than that sum, as he was limited to that by instructions from the town.   The plaintiff declined to accept, and the overseer said he would take her away.   The court decided that no contract could be implied from this against the town, and placed the decision mainly on the ground that they could not imply a contract as made by an agent, which the agent had no authority from the principal to make, and which want of authority was known to the plaintiff.   This makes that case, and the ground on which it was decided, wholly untenable for the defendant to stand upon.

No question has been made as to the amount of the damages. They may well stand upon the presumed assent of the defendant to what the plaintiff offered, and what he had been keeping her for.

The county court, from what appeared on the trial, might properly have allowed that sum as a just and reasonable price.

Judgment affirmed.