## MILO DURFEY v. TOWN OF WORCESTER.

*Pauper. Contract to support. Repudiation. Charge of court. Harmless error not revisable.*

1. A party may in general terminate an executory contract, thereby subjecting himself to the payment of damages for non-performance; but where the subject matter of the contract is the keeping of something which the repudiating party has delivered to the other, and for the support of which continued expenditure is necessary, such party cannot terminate the contract without taking back what has been delivered.

2. So when the defendant town has contracted with the plaintiff to support a helpless pauper until the happening of a certain event, and has delivered the pauper to the plaintiff, it cannot, before the happening of that event, terminate the contract by a simple notice that it will no longer be bound by it. It must take away the pauper, or provide otherwise for his support.

3. And the same would be true if the town had the right to terminate the contract on notice.

4. A charge will be construed in reference to the claims of the parties on trial.

5. Where the admission of excluded evidence could not have helped the excepting party, a new trial will not be granted.

General assumpsit. Plea, the general issue. Trial by jury at the April term, 1890, Taft, J., presiding. Verdict and judgment for the plaintiff.

The defendant excepts.

The plaintiff sued for the keeping of a pauper from December 1, 1888, to March 1, 1889. The pauper was a helpless cripple, and there was a dispute between the defendant and the town of East Montpelier as to which was liable for his support. The plaintiff testified that he made a contract with the overseer of the poor of the defendant to care for the pauper until the ter-

mination of this suit at a given price per week. The defendant admitted the contract but claimed that it extended until further notice only and not until the termination of the suit. The plaintiff was to receive his pay once a quarter. In performance of this contract the plaintiff had taken the pauper and supported him for some time, and been paid quarterly up to December 1, 1888. About this time he formed the purpose of removing from the defendant town, where he had hitherto lived, to South Burlington, and did so remove December 9, 1888, taking the pauper with him. On learning that the plaintiff intended to leave town, the overseer of the defendant notified him that he must not take the pauper with him, and that if he did the defendant would not continue to pay for his support, but would provide for his maintenance in the town of Worcester. When the plaintiff was on his way to South Burlington with the pauper, the overseer met him, and again forbid him to remove the pauper from the defendant town; but at no time did the overseer take charge of the pauper or provide any other place for his support.

It was conceded that the suit was ended sometime in June, 1889. When the plaintiff was testifying in rebuttal, after the close of the defendant's case, he was inquired of by the defendant when he first heard that the suit was terminated; and replied, sometime in June, 1889. The defendant then proposed to ask him whether he did not in March, 1889, apply to the overseer of South Burlington for aid on account of this same pauper. To this the plaintiff objected as out of time, and the court excluded it.

The court instructed the jury that if the contract was to extend as the plaintiff claimed, until the termination of the suit, the plaintiff was entitled to recover the amount sued for, and that the same thing would be true if the defendant had the right to terminate the contract on notice, for in that event the defendant could not terminate it without taking the pauper away from the plaintiff's or making some other provision for his support.

The jury returned a general verdict for the plaintiff and

found specially that the contract was to extend until the termination of the suit.

*S. C. Shurtleff*, for the defendant.

The plaintiff cannot recover in general assumpsit for what he claims was done under a special contract after notice of its termination. *Myrick* v. *Slason*, 19 Vt. 121; *Camp* v. *Baker*, 21 Vt. 469.

This being an express contract the defendant might rescind it. *Danforth et al.* v. *Walker*, 37 Vt. 239; *Derby et al.* v. *Johnson et al.*, 21 Vt. 17.

The question put to the plaintiff in cross-examination should have been received. *Richardson* v. *Royalton, etc.*, 6 Vt. 496.

*D. J. Foster* and *W. L. Burnap*, for the plaintiff.

The questions put to plaintiff in cross-examination were out of time, and properly excluded. *Hunsinger* v. *Hoffer*, 11 N. E. 463; *Erie and Pacific Dispatch* v. *Stanley*, 14 N. E. 212; *Sterling* v. *Bock*, 32 N. W. 865; *Lukens* v. *Hazlett*, 35 N. W. 265; *Wills* v. *Russell*, 25 U. S. 607 (L. C.); *Huges* v. *Westmoreland*, 104 Penn. St. 213; *State* v. *Smith*, 49 Conn. 380; 1 Greenl. Ev. Sec. 445.

The opinion of the court was delivered by

MUNSON, J. The plaintiff seeks to recover of the defendant town compensation for the keeping of a pauper. An express contract existed between the parties in regard to this service, and there was no dispute as to any of its provisions except the one relating to its termination. The plaintiff claimed that he was hired to keep the pauper. until the determination of a certain suit. The defendant claimed that the service was to continue only until further notice. It has been ascertained by a special verdict that this part of the contract was as the plaintiff claimed. This being so, the notice given cannot avail the de-

fendant, unless upon the ground that it was a repudiation of the contract. The defendant now claims that its notice to the plaintiff was sufficient to put an end to the further execution of the contract, and insists that whatever claim the plaintiff has is by way of damages for a breach of the contract, so that there can be no recovery under the common counts.

The pauper was a helpless cripple. The evidence on the part of the defendant was that its overseer of the poor, on learning that the plaintiff intended to move away, stated to the plaintiff that if he moved the pauper from the town he would be paid nothing for his keeping after such removal, and that the town would provide another place for him; but defendant's evidence further showed that no arrangement for the support of the pauper elsewhere was ever made. It also appeared from the testimony of the overseer that he met the plaintiff when he was removing the pauper, and forbid his taking the pauper away; but there is nothing in the case to indicate that he then offered to take charge of the pauper. The court instructed the jury that such a notice as this, without taking the pauper, would not relieve the defendant from liability for his further support; and to this an exception was taken.

It is a well recognized general doctrine that the further performance of an executory contract may be stopped by an explicit direction to that effect; the one taking this action subjecting himself to the payment of whatever damages may result therefrom to the other contracting party. In cases where the subject-matter of the contract is the purchase of articles or the mere performance of labor, nothing more than this definite notice is required. *Danforth* v. *Walker*, 37 Vt. 239, was a case of this character. But when the subject-matter of the contract is the keeping of something which the repudiating party has delivered to the other, and for the support of which continued expenditure is necessary, such party cannot terminate the contract without taking back what has been so delivered. We think the case at bar comes

within this exception, and that the defendant could not accomplish a repudiation of the contract without taking active measures to relieve the plaintiff of the support of the pauper.

The notice given the plaintiff, and the charge in relation to it, have been considered so far with reference to the question raised by the defendant upon the case as left by the special verdict. But the exceptions indicate that on the trial the defendant stood solely upon its claim of a contract right to terminate the service, and that this view of the matter was the only one brought to the attention of the court. The charge of the court as to the effect of the notice was given in view of what the defendant claimed the contract to be ; and in the further consideration of the case the charge will be so treated.

An exception was taken to the refusal of the court to permit the defendant to make certain inquiries of the plaintiff in cross-examination, when he was upon the stand in rebuttal. If this refusal should be held to be error, it would not entitle the defendant to a reversal. The defendant claimed that its contract was for the keeping of the pauper until further notice. If such had been the contract, the action of the defendant would not have been sufficient to relieve it from further liability. A contract so worded, in relation to such a subject-matter, could not well be construed to mean more than that the town reserved the right to terminate the contract at any time. It could not fairly be considered an agreement that the town might relieve itself from further obligation by the mere giving of notice. The case presented by the defendant's evidence is not one in which the town undertook to withdraw its support because of some change in the condition of the pauper, or in the liability of the town. The overseer's talk with the plaintiff was all upon the ground that he, as overseer, would provide another place for the pauper in the defendant town. To terminate the contract as the town claimed it, more was required of its officer than a statement of his purpose to allow nothing after the pauper was moved. He

Durfey *v.* Worcester.

should have taken such measures as were necessary to relieve the plaintiff of the burden. So if the excluded evidence had been received, and had resulted in establishing the contested point in accordance with the defendant's claim, the case would still have been with the plaintiff.

*Judgment affirmed.*