## L. B. BALDWIN, ADMR.,

v.

## TOWN OF WORCESTER.

OCTOBER TERM, 1894.

*Pauper.     Contract to support.*

The intestate, while residing in defendant town, contracted with with it to support one of its paupers for a given time. Subsequently, and during the life of the contract, he removed the pauper into another town, and continued to support him there against the protest of the defendant. *Held*, that there could be no recovery for support furnished after the time limited by the contract.

General assumpsit for the balance claimed to be due for the support of a pauper. Trial by jury at the September term, 1894, Chittenden county, THOMPSON, J., presiding.

The plaintiff sought to recover upon an express contract

up to June 1, 1889, and upon an implied contract from June 1, 1889, until December 1, 1890. The court directed a verdict for the plaintiff for the amount due on the express contract, and held that there was no evidence tending to establish an implied contract subsequent to that date. To this latter holding the plaintiff excepted. The opinion states the case.

*D. J. Foster* for the plaintiff.

A promise to pay for the support of a pauper may be implied. *Tufts* v. *Town of Chester*, 62 Vt. 358; *Ex parte* Ford, 16 Q. B. D. 307; *Bixby* v. *Moore*, 51 N. H. 402; *Paddock* v. *Kittredge*, 31 Vt. 378; *Worcester* v. *Ballard*, 38 Vt. 60; *Wolcott* v. *Wolcott*, 19 Vt. 37; *Durfey* v. *Worcester*, 63 Vt. 418.

The town should have removed the pauper. *Durfey* v. *Worcester*, 63 Vt. 418; *Leicester* v. *Brandon*, 65 Vt. 544.

*S. C. Shurtleff* for the defendant.

There is no liability in the absence of an express promise. *Castleton* v. *Miner*, 8 Vt. 209; *Ives* v. *Wallingford*, 3 Vt. 224; *Houghton* v. *Danville*, 10 Vt. 537.

The plaintiff was in no way misled by the neglect of the defendant to remove the pauper. *Aldrich* v. *Londonderry*, 5 Vt. 441.

START, J.   While the plaintiff's intestate resided in the defendant town he made a contract with the defendant's overseer of the poor, by which he was to support Daniel Durfey, an alleged pauper, for five dollars per week until a suit then pending between the defendant town and East Montpelier should be determined. While this contract was in force the plaintiff's intestate moved to South Burlington, and against the objection of the defendant's overseer of the

poor, took the pauper with him. The contract terminated June 1, 1889. The plaintiff's intestate continued to support the pauper until July 30, 1890. The plaintiff seeks to recover for the support furnished after the termination of the contract.

Under these circumstances a promise to pay for the support furnished cannot be implied. The plaintiff's intestate voluntarily, and against the objection of the defendant, removed the pauper from the defendant town to South Burlington, and there continued to support him after the express contract had terminated by its own limitatation without offering to return him to the defendant, and without any agreement or understanding in respect to his support. The plaintiff's intestate was bound to know when his contract terminated; and if he desired to be relieved from the burden of the pauper's support after the contract was ended, he should have returned him to the defendant town, or taken measures to charge the defendant or some other town with his support. Under the statute relating to the support of paupers, he could not assume that the defendant would pay for the pauper's support until it removed him or made some provision for his support. He was not misled, deceived, or in anyway induced by any act of the defendant to do what he did.

He made the contract for the support of the pauper while he and the pauper resided in the defendant town; and he removed the pauper to South Burlington and there supported him, knowing that the defendant was insisting that it was not liable for support furnished after the pauper was so removed. Under these circumstances the defendant was under no duty to take the pauper away. The defendant had not been instrumental in his removal to South Burlington. The plaintiff's intestate removed him for his own advantage and convenience against the protest of the defendant; and it was not its duty to go to South Burlington, or to follow the plaintiff's intestate wherever he saw fit to go and relieve

him from the support of the pauper. No such duty was cast upon it by the terms of the contract, and no such duty can be inferred from the nature of the contract or the situation of the parties and pauper at the time the contract was terminated. This holding is not inconsistent with the holding of the court in *Durfey* v. *Worcester*, 63 Vt. 418, in respect to the defendant's liability upon the express contract. The question of implied contract was not involved in that case. The action was upon the express contract. While the contract was in force and the pauper in the defendant town, the defendant undertook to terminate the contract by giving notice that it would not be further holden for his support. This it could not do without taking him away and providing other support. At the time the alleged cause of action accrued in this case, there was no contract to terminate; it had terminated by its own limitation, and the situation of the pauper was such that no action on the part of the defendant was necessary. When the contract terminated by its own limitation, the pauper had been so far removed from the defendant town by the plaintiff's intestate that the defendant was under no legal duty to the plaintiff's intestate, and no recovery can be had for support thereafter furnished.

*Judgment affirmed.*