## N. R. NEWTON v. TOWN OF WATERFORD.

### JANUARY TERM, 1895.

*Pauper. Support in other town. Accord and satisfaction.*

The plaintiff, while residing in defendant town, contracted to support one of defendant's paupers for a year, and entered upon the performance of the contract. Subsequently he removed with the pauper into another town. Defendant notified plaintiff that it would not pay for support after date of removal, and sent an order for the amount due up to date of removal, which plaintiff accepted. Plaintiff continued to support pauper after the expiration of the year, and claimed to recover upon the express contract for the balance of the year, and upon an *implied contract* after. *Held*,

1. That he might recover upon the express contract, for it was the duty of the defendant to take back the pauper if it wished to terminate that contract.

2. That he could not recover upon the implied contract, for it was the duty of the plaintiff to return the pauper at the end of the year.

3. That there was no accord and satisfaction, for the order was not tendered in full payment.

Assumpsit for the support of a pauper. Plea, the general
issue. Trial by court at the June term, 1894, Caledonia
county, TYLER, J., presiding. The court held upon the
facts found that the plaintiff was not entitled to recover for
the pauper's support, but might recover fifty cents for goods
purchased for the pauper, and gave judgment accordingly.
The plaintiff excepts.

*W. P. Stafford* for the plaintiff.

The defendant could not terminate the contract without
taking the pauper back. *Durfey* v. *Worcester*, 63 Vt. 418.

There was no accord and satisfaction. *Van Dyke* v.
*Wilder*, 66 Vt. 579.

*Bates & May* for the defendant.

The receipt of the order worked an accord and satisfac-
tion. *McDaniels* v. *Lapham*, 21 Vt. 222; *Towslee* v.
*Healey*, 39 Vt. 522; *Bromley* v. *School Dist.*, 47 Vt. 384.

ROWELL, J. The pauper, plaintiff's brother, has al-
ways been of unsound mind, and incapable of choosing a
residence. His father died in Waterford in 1874, where he
had lived for many years. He always lived with his father
till he died, and then with his mother and the plaintiff till
the latter was married in 1880, and then with the plaintiff.
He was supported thus in Waterford till March, 1891, when
the defendant's overseer of the poor agreed with the plain-
tiff to pay him one dollar and fifty cents per week towards
the pauper's support, and payment at that rate was made
quarterly for a year. At the end of the year the overseer
agreed with the plaintiff to pay him two dollars per week
for another year, and clothes and doctor's bills. Nothing
was said as to the town in which the pauper should be kept.
Defendant paid the stipulated price at the end of the first

two quarters, but before the expiration of the third quarter the plaintiff moved to St. Johnsbury and took the pauper with him, without the knowledge or consent of the overseer. Soon after his removal the plaintiff saw the overseer, and told him he had moved, and asked him to send the pay for that quarter to him at St. Johnsbury, and the overseer said, "All right." Nothing more was said about the removal of the pauper. At the end of the quarter the overseer sent to the plaintiff by letter, pay up to the time of his removal, and claimed that by the removal of the pauper the town was relieved from further liability for his support, and said that the town would stand on its legal rights in the matter.

Plaintiff now seeks to recover on the express contract for keeping the pauper from the time of his removal to the end of the year, and on a *quasi* contract for keeping him thence till the commencement of the suit.

As to recovery on the express contract, the rule is that although a party may, in general, terminate an executory contract, thereby subjecting himself to the payment of damages for non-performance, yet when the matter of the contract is the keeping of · something that the repudiating party has delivered to the other, and for the support of which continued expenditure is necessary, such party cannot terminate the contract without taking back what he delivered. That rule was adopted and applied in *Durfey* v. *Worcester*, 63 Vt. 418, a case like this in its essential facts, and quite as strong against recovery, for there the overseer knew that the pauper was to be removed from the town, and protested against it.

As to recovery on a *quasi* contract, *Baldwin, Admr.*, v. *Worcester*, reported in this volume, the sequel of *Durfey* v. *Worcester*, above cited, is decisive against such recovery. There the plaintiff sought to recover on a *quasi* contract for keeping the pauper after the expiration of the express contract; but it was held that the town was not

bound to go for the pauper after the expiration of the express contract for keeping him, and for not doing so was not liable for the support thereafter.

Nor was here an accord and satisfaction, for the order sent was not tendered in full payment of the town's liability, as claimed in argument, but in a way that left the plaintiff free to accept it and go for more.

*Judgment reversed, and judgment for the plaintiff for $34.43 and interest thereon from the date of the judgment below.*