FOR THE

COUNTY OF WINDSOR.

MARCH TERM, 1849.

---

PRESENT,

Hon. STEPHEN ROYCE, Chief Judge.
Hon. ISAAC F. REDFIELD,
Hon. DANIEL KELLOGG,
Hon. HILAND HALL,      } Assistant Judges.
Hon. LUKE P. POLAND,

---

BELA GASSETT *v.* TOWN OF ANDOVER.

Highway surveyors are the agents of the town in repairing the highways in their respective districts.

When any highway or bridge is suddenly destroyed in a town, it is made the duty of the highway surveyor, in whose district it is located,—by Rev. St., chap. 21, sec. 15,—forthwith to repair the same; and if he have previously expended the taxes contained in the rate bill committed to him, and the inhabitants of the district refuse to assist in making the necessary repairs and have, as compensation therefor, a credit towards their taxes for the succeeding year, he may, at his own charge, procure laborers and materials, and *make the* repairs, and recover from the town, in an action upon book account, the amount of his expenditures. And it makes no difference, that the laborers hired by him were inhabitants of the district, and liable to pay taxes there,—they having previously paid their taxes for that year.

If, after a highway surveyor has expended the taxes in the rate bill committed to him, a portion of the highway in his district remain unrepaired, and the selectmen of the town, knowing that the taxes are expended, say to him, that there are complaints against such highway, and that it is unsafe, and that he must repair it, and he then call upon the inhabitants of the district to assist in repairing such highway and receive, as a *compensation therefor, a credit towards* their next year's tax, and they refuse to do so, he may, at his own expense, hire laborers from among the inhabitants of his district, and make the necessary repairs, and recover therefor in an action on book account against the town.

And the highway surveyor is also entitled, in such case, to recover in the same action for the use of tools employed by him in making the necessary repairs; and it will not affect his right to recover therefor, that he has presented his charge, in form, as a charge for *damages* done to tools.

Corporations may be held liable upon an implied promise, as well as individuals.

If a debtor tender to his creditor a sum of money, in full for all legal claims, which the creditor may have against him upon account, and the creditor receive the money, protesting that it is not sufficient, but saying that he will take it and pass it to the debtor's credit upon the account, and the debtor do not express any dissent to this course, the acceptance of the tender will be held no bar to the creditor's right to recover such sum as may be found due to him, exceeding the amount of the tender.

BOOK ACCOUNT. Judgment to account was rendered and an auditor was appointed, who reported substantially as follows.

The plaintiff's account, which amounted to $72,98, consisted of charges for his expenditures as highway surveyor in the town of Andover. The charges were,—For labor expended on the "Mill Hill Road," $18,00,—For labor on bridges and fifteen rods of road rendered impassable by a flood, $36,26,—For materials, such as timber, plank, &c., $11,63,—For damages done to tools, utensils, &c., used in repairs of highways, $7,09. The facts in reference to these expenditures were as follows.

The plaintiff was appointed highway surveyor, in the highway district in which he resided, in March, 1844. A highway tax bill of $77,16 was made by the selectmen, and delivered to him in due season; and before the twentieth day of June, 1844, he caused all the taxes therein to be expended upon the highways within his district, leaving less than eighty rods of road, on what is called "Mill Hill," unrepaired. Before any repairs were made by the plaintiff,

or any portion of the taxes expended, the " Mill Hill road " needed repairs, as much as any other road in the district, and received about the same travel. There were within the limits of this district five miles and one hundred and thirteen rods of road, also nine bridges, six of which were covered with plank and three with stone. At the time the plaintiff received his tax bill, he remonstrated with the selectmen against the Mill Hill road being put into the bill; but the selectmen declined to alter the boundaries of the district, as described in the bill. Before working out any part of the taxes, the plaintiff said, on one occasion, at least, that he was not going to work a cent of the taxes upon the Mill Hill road; and there was considerable evidence tending to show, that there was a very general. objection, among the inhabitants of the district, to working on the Mill Hill road, on the ground, that it should have been set to some other district. In October, 1844, the selectmen informed the plaintiff, that there were complaints against the Mill Hill road, and that he must repair it; he replied that he had expended all the taxes in his bill, and had no means of doing so; but he was told by them, that the road was unsafe, and that he must repair it. Soon afterwards, and in the same month of October, one of the bridges and fifteen rods of road in the district became impassable by reason of a freshet. Immediately on this occurrence, the plaintiff notified most of the inhabitants of the district, liable to pay taxes, to help repair the Mill Hill road and also the damages caused by the water, and have a credit therefor towards their taxes the succeeding year; but they uniformly refused. The plaintiff then, without delay, hired help, purchased materials, procured suitable tools and utensils, and made the necessary repairs, not only of the bridge and road injured by the water, but also of the Mill Hill road; and afterwards he presented the foregoing account of $72,98 to the selectmen for payment. The selectmen refused to grant relief in the premises; and subsequently the town, in town meeting, refused to pay the account. All the laborers employed by the plaintiff in making these repairs were persons whose names were upon his tax bill, but who had paid him their tax for that year; and they all refused to labor, when called upon by him, unless paid the money.

After this suit had been commenced, and when but sixty two cents costs had accrued, the defendants,. by their agent, made a

tender of $14,00 to the plaintiff in full of all his legal claims upon the town, embraced in his said account, and for costs of suit. The plaintiff said the tender was not enough, but that he would take it and give the town credit for it; and he did take the tender accordingly and credited the amount to the town upon his account.

Upon these facts the auditor submitted to the court the question as to the plaintiff's right to recover.

The county court, November Term, 1845,—REDFIELD, J., presiding,—accepted the report and rendered judgment thereon for the plaintiff for the amount of his account. Exceptions by defendants.

*R. Washburn* and *Washburn & Marsh* for defendants.

The defendants insist, that the plaintiff could have no legal claim against the town for any part of his account, except for the materials purchased by him; and for that a sufficient sum was tendered and received.

1. No action can be sustained against a town, based upon the general liability to repair roads, imposed upon them by the Revised Statutes, chap. 21, sec. 1. *Jones* v. *Lancaster*, 4 Pick. 149. *Loker* v. *Brookline*, 13 Pick. 343. That section is almost identical with sec. 1 of chap. 16, imposing upon towns the duty of supporting their respective poor. But it has been repeatedly decided, that no action will lie upon that section. *Middlebury* v. *Hubbardton*, 1 D. Ch. 207. *Aldrich* v. *Londonderry*, 5 Vt. 441. *Houghton* v. *Danville*, 10 Vt. 537.

2. The plaintiff is not entitled to recover for the amount of his charges for labor, &c.,* upon the Mill Hill road. The only provisions of the statute, which apply to the case of *ordinary repairs* of a highway by the surveyor, are contained in the Rev. St. c. 21, § 4, and the statute of Nov. 11, 1842, §§ 3, 4, [Acts of 1842, p. 22;] and they do not authorize him, after he has expended his tax, to work upon the road at his discretion and charge the town. The provisions of the Rev. St. c. 21, §§ 10, 25, are not applicable to highway surveyors, nor to this case.

3. Neither is the plaintiff, upon the facts found, entitled to recover for any portion of his account under the Rev. St. c. 21, § 15, which provides for repairs upon *extraordinary occasions*. *Jones* v. *Lancaster*, 4 Pick. 146. *Loker* v. *Brookline*, 13 Pick. 346. It should at least appear, that he first called upon all the inhabitants of

44

Gassett *v.* Andover.

his district, whose names were upon his tax bill, for that purpose, and that they had refused, or neglected, for six hours, to assist him, and thereby forfeited the penalty provided by the statute ; and then it should appear, that he employed *other* help ; since the statute clearly implies, that the tax payers are not to be allowed to speculate upon the emergency, by obtaining employment, as individuals, at higher rates than the law would allow them as tax payers.

4. But if the plaintiff might bind the town by his contract, it by no means follows, that he could contract with himself. *Armstrong* v. *Wendall*, 9 Met. 522.

5. Book account will not lie, to recover the plaintiff's claim. The duty of the defendants to repair their roads is an obligation imposed solely by statute. *Commonwealth* v. *Springfield*, 7 Mass. 13. *Loker* v. *Brookline*, above cited. When the plaintiff seeks to recover on the ground of *statute* liability, where no form of action is expressly given, he must declare specially. *Drowne* v. *Stimpson*, 2 Mass. 444. *Wrentham* v. *Attleborough*, 5 Mass. 434. *Bath* v. *Freeport*, 5 Mass. 326. *Middlebury* v. *Hubbardton*, 1 D. Ch. 207. *Rann* v. *Greene*, Cowp. 476, *Brookline* v. *Westminster*, 4 Vt. 229. *Londonderry* v. *Windham*, 2 Vt. 149. *Essex* v. *Milton*, 3 Vt. 17. *Pawlet* v. *Sandgate*, 19 Vt. 629. *Glass* v. *Beach*, 5 Vt. 172. *Salem* v. *Andover*, 3 Mass. 438.

6. As the tender of $14,00 was offered by the defendants in full of the plaintiff's claim, and costs, the receipt of the same by the plaintiff would operate as a satisfaction and discharge of the claim and costs. *Pynnel's Case*, 5 Co. 117. *McGlinn* v. *Billings*, 16 Vt. 329. *Turner* v. *Goodwin*, Fort. 150. 2 Cov. & H. Dig. 1372.

*L. Adams* for plaintiff.

The objection, that book account will not lie in this case, is founded upon the case of *Middlebury* v. *Hubbardton*, 1 D. Ch. 207. That case was never sound law; it is in direct hostility to a long settled general principle, that whenever a statute has imposed a duty upon an individual, and either expressly or by implication gives him a remuneration for the same, *general* assumpsit will lie for such remuneration. 1 Esp. N. P. 10. It is also a general rule, that, for money accruing due under the provisions of a statute, general assumpsit will lie. 2 Chit. Pl. 54, n. 2 N. H. 333. *Pawlet* v. *Sandgate*, 19 Vt. 622. 7 Pick. 333. And the case of *Middlebury* v.

*Hubbardton* has been overruled. *Danville* v. *Putney*, 6 Vt. 512. *Pawlet* v. *Sandgate, ub. sup.*   In making these repairs the plaintiff was the authorized agent of the defendants; and the case cannot be distinguished from the ordinary one of an agent suing his principal in general assumpsit, to recover for labor and expenses for his principal, while acting within the limits of his authority.   *Green* v. *Sch. Dist.*, 6 Vt. 76.   *Poultney* v. *Wells*, 1 Aik. 180.   *Clark* v. *The Corporation of Washington*, 6 U. S. Cond. R. 425.   *Jamaica* v. *Guilford*, 2 D. Ch. 103.   2 Kent. 291.   *Sanborn* v. *Deerfield*, 2 N. H. 251.   *Washington* v. *Sutton*, 6 N. H. 15.

But the defendants are estopped from taking their objections. After making a tender generally in the action, after its commencement, they cannot object to the form of action, or to the legality of the claim, but are restricted to contesting the amount due.   3 Chit. Pl. 922, n.   2 Stark. Ev. 781.   1 Esp. R. 347.   *Watkins* v. *Tower*, 2 T. R. 270.   *Bennet* v. *Francis*, 2 B. & P. 550.   6 Pick. 340. 5 Ib. 290.   14 Wend. 223.

It is insisted by the defendants, that the plaintiff has no legal claim upon the town, for any part of his account; and this view, it is said, is sustained by the case of *Loker* v. *Brookline*, 13 Pick. 346. That case is founded upon the special provisions of the statute of Massachusetts, which are wholly unlike those of the statute of this state.   The case of *Wood* v. *Waterville*, cited by PARSONS, Ch. J., 5 Mass. 294, fully sustains this action.

It is made the express duty of the surveyor to keep the roads and bridges in his district in safe condition at all seasons, and this under a penalty.   Rev. St. 135, § 4.   And no other officer is authorized to do this, except in the cases enumerated in Rev. St. ch. 21, §§ 10, 25.   All such repairs are to be made at the expense of the town. Rev. St. ch. 21, §§ 1, 4.

The repairs upon the Mill Hill road were made, after the plaintiff had faithfully expended the taxes upon his rate bill, and by the express direction of the selectmen, after they had been informed of the deficiency.   The other items of the plaintiff's account come within the Rev. St. c. 21, §§ 15, 22.

The objection to the charge for " damages " to tools rests upon the *form* of the charge, merely; it should have been termed a charge for *use* of tools.   *Stone* v. *Pulsipher et al.*, 16 Vt. 428

The opinion of the court was delivered by

KELLOGG, J.   This is an action on book account; and the questions presented for the consideration of this court, arise upon the report of the auditor.   The defendants insist, that no action will lie for the recovery of any portion of the plaintiff's account, except $11,63, which was expended for materials used in repairing bridges in the highway district, of which the plaintiff was surveyor.

It appears by the report of the auditor, that the plaintiff, at the time the services were rendered, which are charged in his account, had expended the taxes, contained in the rate bill committed to him, upon the roads in his district, and that afterwards, and during the same season, there was a freshet, which rendered a certain bridge and about fifteen rods of road impassable; that the plaintiff immediately called upon the inhabitants of the district to assist in the reparation of the bridge and road, which they refused to do; and that thereupon the plaintiff hired the necessary laborers, procured materials, and repaired the bridge and road, expending, for labor and materials, the sum of $47,89.   Of this sum the defendants admit their liability for $11,63, and deny all liability for the residue.

By the Revised Statutes, chap. 21, sec. 15, the surveyor, on any extraordinary occasion, when any bridge or highway shall be suddenly destroyed, or impaired, so as to require immediate repairs, or shall be obstructed by deep snows, is empowered, and it is made his duty, forthwith to cause the highway, or bridge, to be repaired, or the obstructions removed; and for that purpose he is authorized to call upon and notify any inhabitants of the district to afford him the necessary aid, or to hire other laborers, or employ means to open or repair the highways and bridges.   It will be observed, that the statute imposes upon the surveyor the duty, absolutely and unqualifiedly, of making forthwith the repairs contemplated by this section of the statute; and it does not confine him, in the performance of this duty, to the employment of the inhabitants of the district; but "he may hire other laborers or employ other means" to accomplish the object.   Nor had the plaintiff, in the case at bar, any power to compel the inhabitants of the district to perform this; for he had no taxes against them,—the same having been previously paid and expended upon the highway.   And *although* the inhabitants of the district, upon their refusal to comply with the requisitions of the

surveyor, would incur the penalty of the statute, yet this would not aid the surveyor in the discharge of his duty; for the law gives him no authority to enforce the penalty, nor any control over it. The forfeiture is to the town treasurer and is to be collected in the name of the town. The obligation to maintain and keep in repair highways and bridges is one, that is imposed by law upon the several towns, and the duty imposed upon the surveyors is that of 'agents of the town, by which they are appointed. The duty imposed by section fifteen is imperative upon the surveyors. It contemplates their immediate action, and without any previous direction of the town. And shall it be said, that, for expenditures thus made by the surveyor, the law gives them no compensation,—that they have no remedy against the town ? Such a conclusion would be a reproach to the law.

But it is said, that if the surveyor has authority to purchase materials and hire laborers for repairing roads and bridges in cases contemplated by this section of the statute, yet he must do this upon the credit of the town; that he cannot make the town debtor to himself, while it is admitted he may make the town debtor to those he employs, within the scope of his authority. Suppose the surveyor should find himself unable to hire laborers upon the credit of the town, (and such the case finds was the condition of the plaintiff,) how then is he to discharge the duty imposed upon him by the statute ? Obviously he must do it by employing laborers upon his own responsibility, and we think the town must be responsible to him for the expenditures thus incurred. Several cases have been cited, which are supposed to be in direct conflict with the foregoing view of the subject; such are the cases from the 4th and 13th of Pickering and the 9th of Metcalf; and if those cases were founded upon statutes similar to ours, it must be conceded, that they are directly opposed to the plaintiff's right to recover in this case. But we think those decisions are based upon statutory provisions very different from ours. The very ground, upon which they are founded, is, that the surveyor had full and ample power, by pursuing the course prescribed by the statute, to discharge the imperative duty cast upon him, without making the town debtor to himself. By the laws of Massachusetts the highway surveyor, in certain cases, is authorized to make an apportionment among the inhabitants of his district, of

the requisite sum necessary to make the needful repairs, thereby
virtually empowering him to assess a tax upon the inhabitants to
supply any deficiency, which may be found in the amount of the rate
bill committed to him.   No such provisions are to be found in our
statute.   The Massachusetts cases, therefore, founded as they are
upon the peculiar provisions of their statutes, ought not to control
the case at bar.

But it is said, that the expenditures made in the repair of the Mill
Hill road should not be allowed, for the reason, that the same were
made without authority, inasmuch as these repairs do not fall within
the class of cases contemplated by the fifteenth section of the stat-
ute.   It has already been remarked, that towns are bound to main-
tain and keep in repair the roads and bridges in their respective
towns, and that surveyors are the agents of the town in repairing
the highways in their respective districts.   The law makes it the
duty of the surveyor " to superintend the expenditure of the tax, and
to take charge of, and *keep in repair at all times*, the highways in
his district."   And for the purpose of securing a faithful discharge
of this duty " he is made responsible for any damages which may be
sustained by the town through fault or neglect in the discharge of
his duty." ·

It may, perhaps, well be questioned, whether the surveyor, in
consequence of the duty thus imposed upon him and his responsi-
bility to the town for all damage that may be sustained by reason of
his neglect, has not the power to repair the road at the expense
of the town, when the tax committed to him is insufficient to make
the ordinary repairs.   But it is not necessary to decide that ques-
tion, in disposing of this case; and we, therefore, express no opin-
ion upon it.   It appears by the report, that after the plaintiff had
expended, in the repair of the other roads in his district, the entire
amount of the tax committed to him, the Mill Hill road remained
unrepaired; that the selectmen, in October, informed the plaintiff,
there were complaints against that road, and that he must repair it;
that the plaintiff informed the selectmen, that he had no means to
repair it; to which the selectmen replied, the road was unsafe and
he must repair it.   The plaintiff then called upon the inhabitants of
the district to assist in repairing the road and receive, as a compen-
sation therefor, a credit upon the next year's tax; which they de-

clined to do. The plaintiff then employed laborers and incurred the expenditure, which constitutes the item of $18 charged in his account. He performed this service at the request and by direction of the selectmen, who were the agents of the town, having the charge and management of their prudential affairs. They were, by virtue of their office, fully authorized to contract with the plaintiff in the matter and thereby bind the town. It was equivalent to a request by the town, and sufficient, as we think, to raise an implied promise, on the part of the town, to pay for the repairs. And as there is no pretence, but what the services were necessary, and were faithfully performed, and the charges reasonable, we see no reason, why they should not be allowed.

It is farther objected, that the charge of $7,09, for damages done to tools used in making the repairs, ought not to be allowed. It is not easy to perceive the ground, upon which this charge is resisted. The particular form, in which the charge is made, is unimportant. We understand the import of this charge to be, that it was for the *use* of tools employed upon the road, while making the repairs; and being so understood, we see no reason, why it should not be allowed, as well as the labor upon the road. In *Stone* v. *Pulsipher*, 16 Vt. 428, the court held, that a charge for a wagon wheel *lent*, which was never returned, but was worn out by the borrower, was a proper item of book charge.

The item of $11,63 for plank, it is admitted, was properly charged; but it is insisted that this item was covered by the tender, and that the acceptance of the tender operates as a bar to the entire claim of the plaintiff. The case finds, that after the commencement of this suit, and before the return day of the writ, the defendants tendered to the plaintiff the sum of $14 in full for all his legal claim against the town embraced in his account, and the costs; that the plaintiff received the same, protesting that it was not enough, but saying he would take it and pass it to their credit upon the account. To this proposition of the plaintiff it does not appear that the defendants expressed any dissent. Is it not, then, to be inferred, that the defendants assented, that he might so receive it? But we think it is apparent, from the facts disclosed in the case, that the defendants only intended to tender for the plank charged in the plaintiff's account and the costs which had accrued. It was all the legal claim,

that the defendants admitted. But if it were otherwise, and the tender were intended to apply to the entire account, the case of *Miller* v. *Holden,* 18 Vt. 337, is in point, to show, that the receipt of it, under the circumstances of this case, is no bar to the plaintiff's recovery, provided more is found to be justly his due.

It is farther contended, that the plaintiff has mistaken his remedy,—that the action of book account is not the appropriate remedy. If this objection be well founded, it is believed it must rest, either upon the nature and character of the charges, or the character and relation of the parties to each other. The charges are such, as are usually entered upon book and recovered in this form of action. Indeed, we are unable to perceive any valid objection, arising from the nature of the charges. Nor do we perceive any valid objection to a recovery in this form of action, arising from the relation of the parties. The action of book account has long been regarded with peculiar favor by the courts and people of this state. It is esteemed a highly beneficial remedy. Hence the boundaries of the action have been much extended of late years. It has been held by this court, that this action, with some few exceptions, is *concurrent* with the action of general assumpsit. The general concurrence of the two actions may be regarded as well settled in this state and was so conceded in the argument; and hence it was attempted to be shown, that the action of assumpsit resting upon an implied promise, could not be maintained in the case at bar. It will not, we suppose, be contended, but what corporations may be made chargeable upon an implied promise, as well as individuals. This principle is well settled. In relation, then, to that portion of the expenditures, which was made at the request of the selectmen, it would seem to be placed beyond all controversy that it is recoverable in this form of action. And as to the *extraordinary repairs* made upon the bridge, the expenditure was in the discharge of an imperative duty, imposed upon the plaintiff; and having been so made, we are all of opinion, that the town is liable for it upon an implied promise, and that the same is recoverable in this form of action.

The result is, that we discover no error in the judgment of the county court, and the same is therefore affirmed.