TOWN SCHOOL DISTRICT OF HARDWICK *v.* TOWN SCHOOL DISTRICT OF WOLCOTT.

May Term, 1905.

Present: ROWELL, C. J., MUNSON, START, WATSON, and HASELTON, JJ.

Opinion filed July 22, 1905.

*Municipal Corporations—Town School Districts—Implied Contracts—Recovery for Tuition—Examiner of Teachers—No. 23, Acts 1900.*

A municipal corporation may be held liable on an implied promise.

In assumpsit by one town school district against another town school district to recover the expense of instruction furnished in plaintiff's schools to children of school age residing in the defendant district, it appeared that one of the plaintiff's directors notified one of defendant's directors that plaintiff's directors did not feel that they could school defendant's children any longer at the former price, and that, if said children should continue to attend plaintiff's schools, defendant would be expected to pay tuition on

the basis of the cost per pupil for maintaining the school attended. After this notice, children residing in the defendant district continued to attend plaintiff's schools, without dissent from defendant's directors, and plaintiff furnished them such instruction as defendant was bound to furnish. *Held*, that said notice by one of plaintiff's directors to one of defendant's directors was notice to defendant's directors; that defendant's directors assented to the instruction of the children in plaintiff's school at the modified price, and that plaintiff's directors had a right to understand that defendant's directors so assented, and to furnish the instruction in reliance thereon, and upon the credit of defendant, notwithstanding the fact that there was no express promise.

No. 23, Acts 1900, providing, that in case of the failure of the school directors to agree as to tuition of pupils attending school in an adjoining town, either board of directors may appeal in writing to the examiner of teachers whose decision in the matter shall be final, has no application to a case where the dispute is as to whether any liability exists.

GENERAL ASSUMPSIT to recover the expense of instruction furnished by plaintiff to pupils residing in defendant district. Heard on an agreed statement at the December Term, 1904, Caledonia County, *Tyler,* J., presiding. Judgment for the defendant to recover its costs. The plaintiff excepted.

The agreed statement contains the stipulation that if the plaintiff is entitled to recover, it is entitled to judgment for $87.46, with interest from Feb. 9, 1903.

*B. E. Bullard,* and *Taylor & Dutton* for the plaintiff.

The plaintiff in good faith, relying upon the notice to defendant's director, performed for defendant the service which defendant was bound to perform, and is entitled to recover for the same. *Worcester* v. *Ballard,* 38 Vt. 60; *Rowell* v. *School Dist.,* 59 Vt. 658; *Daggett* v. *Mendon,* 64 Vt. 323; *Union etc. Co.* v. *School Dist.,* 20 L. R. A. 136; *Brown* v. *School Dist.,* 55 Vt. 43; *Stone* v. *Berkshire Cong. Soc.,* 14 Vt. 86; *Sheldon* v. *Fairfax,* 21 Vt. 102; *Gassett* v. *Andover,*

21 Vt. 342; *Prop. Canal Bridge* v. *Gordon,* 1 Pick. 308; *Abbott* v. *School Dist.,* 7 Greenl. 96; *Danforth* v. *Sco. Turnpike Co.,* 12 Johns. 230; *Denn* v. *Rec. War. etc. of St. Andrews Church,* 14 Johns. 118; *Patterson's Heirs* v. *Bank of Columbia,* 7 Cranch 306; *Overseers of No. Whitehall* v. *Overseers of So. Whitehall,* 3 Serg. & R. 117; *Church* v. *Mulford,* 3 Halst. 182; *Brady* v. *Mayor,* 1 Barb. 584; *Allegany* v. *McClarken,* 14 Pa. St. 81; *Derby* v. *Fishing Co.,* 2 Conn. 254; *Rex* v. *Biggs,* 3 P. Williams 419; *Powell* v. *Newburg,* 19 Johns. 284; *Hayden* v. *Turnpike,* 10 Mass. 397; *Bank of U. S.* v. *Dandridge,* 12 Wheat. 70; *Seagraves* v. *Alton,* 13 Ill. 566; Smith Munic. Corp. § § 238, 239; Dill. Munic. Corp. § 459; *Gas Co.* v. *San Francisco,* 9 Cal. 469; *Gas Light Co.* v. *Memphis,* 93 Tenn. 612.

The defendant having accepted without dissent the service rendered by plaintiff in instructing the children according to the proposal made by plaintiff's director, it became a ratified contract. *Topsham* v. *Rogers,* 42 Vt. 189; *Barton* v. *Pittsford,* 44 Vt. 371; *Backman* v. *Charleston,* 42 N. H. 125.

*Thomas C. Cheney* and *R. W. Hulburd* for the defendant.

It is a general rule that municipal corporations are liable only on an express contract. 15 Am. & Eng. Enc. Law 1081; 1 Dill. Munic. Corp. (2 Ed.) § 383; Tiedman Munic. Corp. § 164; *Aldrich* v. *Londonderry,* 5 Vt. 441; *Castleton* v. *Miner,* 8 Vt. 209; *Houghton* v. *Danville,* 10 Vt. 537; *Putney* v. *Dummerston,* 13 Vt. 370; *Churchill* v. *West Fairlee,* 17 Vt. 447; *Orcutt* v. *Town of Roxbury,* 17 Vt. 524; *Patrick* v. *Town of Baldwin,* 53 L. R. A. 613; *Farmer* v. *Town of Salisbury, ante.*

START, J.  The action is to recover for instruction furnished by the plaintiff in its schools to children, of school age,

residing in the defendant town school district, and is submitted on an agreed statement of facts, from which it sufficiently appears that prior to March 19th, 1901, the plaintiff had furnished instruction in its school for some of the children residing in the defendant town school district, and on that day one of the plaintiff's school directors, acting for the board, had a talk with one of the defendant's directors about the children residing in the defendant town attending the plaintiff's schools, and then told the defendant's director that the plaintiff's directors did not feel that they could school the Wolcott children any longer at the former price; that the plaintiff had to pay the town of Woodbury the proportionate amount of the expense of the school attended by Hardwick pupils; and that, if the Wolcott children, in the future, should continue to attend the schools in Hardwick, the town of Wolcott would be expected to pay tuition on the basis of the cost per pupil for maintaining the school attended. The defendant's director replied that he was not empowered to make any contract for the board. The defendant's directors did not, during the time in question, designate any school for their children to attend. Children residing in the defendant town continued to attend the plaintiff's schools, and the plaintiff furnished them such instruction as the defendant was bound to provide relying upon the notice given by one of its directors to one of the defendant's directors.

It not appearing that there was an express promise by the defendant's directors to pay for instruction, the defendant insists that there can be no recovery. But it is not necessary that such a promise should be shown. The facts and circumstances appearing show a contract in fact, and this is sufficient. *Parkhurst* v. *Krellinger,* 69 Vt., 375.

The notice given, by one of the plaintiff's directors of the action of the plaintiff's directors, in regard to the price

for tuition to be thereafter paid, to one of the defendant's directors, was notice to the defendant's directors; and the defendant's directors after such notice having omitted to designate a school for the children to attend; and the children having continued to attend the plaintiff's schools, without dissent from the defendant's directors, and there receive the instruction that the defendant was under a legal duty to furnish; the defendant's directors are deemed to have assented to a modification of the contract, under which children residing in the defendant's town had been instructed in the plaintiff's schools, as insisted upon by the plaintiff's directors; and to have assented to the instruction of the children in the plaintiff's schools at the modified price which is charged by the plaintiff, and the plaintiff's directors had a right to understand that the defendant's directors so assented, and to furnish the instruction in reliance thereon, and upon the credit of the defendant, notwithstanding the fact that there was no express promise. A contract enforceable against a municipal corporation, may be proved by circumstances, acts, conduct, and sayings of municipal officers having authority to bind the corporation. *Worcester* v. *Ballard,* 38 Vt. 60; *Rowell* v. *School District,* 59 Vt. 658; *Durfey* v. *Worcester,* 63 Vt. 418; *Sheldon* v. *Fairfax,* 21 Vt. 102; *Gassett* v. *Andover,* 21 Vt. 342.

The case of *Aldrich* v. *Londonderry,* 5 Vt. 441 and some others, cited by the defendant, which seem to hold that a municipal corporation is only liable upon an express promise have, in effect, been overruled by more recent holdings of this Court. Then in *Worcester* v. *Ballard,* before cited, it is held that when the claim against a town rests upon a contract or agreement the same facts and language which would constitute a contract between individuals will also between an individual and an overseer of poor acting in behalf of his town; and in *Gassett* v. *Andover,* before cited, it is held, that corpora-

tions may be held liable upon an implied promise as well as individuals.

No. 23 of the Acts of 1900, which provides, in part, that in case of the failure of the school directors to agree as to the tuition, either board of directors may appeal in writing to the examiner of teachers whose decision in the premises shall be final, has no application to a case, like the one at bar, where the question is one of liability or no liability.

*Judgment reversed, and judgment for the plaintiff to recover the sum of eighty-seven dollars and forty-six cents with interest thereon from February 9th, 1903, and its costs.*