BARTON TOWN SCHOOL DISTRICT *v.* C. M. LACLAIR.

Special Term at St. Johnsbury, April, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 31, 1909.

*Oral Stipulations of Counsel—Enforcement—Schools—Transportation of Children—Hearing—Jurisdiction of County Examiner—School Privileges—Demand—Tuition—No. 36, Acts 1904.*

It is the general practice of the county court, in accordance with Rule 33, to refuse to enforce an oral agreement between counsel where they differ.

No. 36, Acts 1904, provides that appeals to the county examiner in school matters shall be heard by a board of referees consisting of the examiner and two other persons, one to be selected by the appellant and the other by the school directors, and that if either party fails to select a referee the examiner shall act alone. The defendant, residing in Westmore, applied to the school directors of that town to transport his children to school therein. They refused to take any action on the application, whereupon he appealed to the county examiner who, acting alone and without notice to the school directors of Barton, denied defendant's application, but directed that his children should attend school in Barton, and that the directors of Westmore should pay the tuition. *Held*, that such order was unauthorized, since the directors of Barton had no notice of the proceedings, and the application was for an order on the directors of Westmore to furnish transportation to a school in that town.

The mere fact that defendant demanded of the school directors of the town in which he resided, and also of those of an adjoining town, the privilege of sending his children to school in the latter town, did not give him that right.

Where defendant continued to send his children to school in a town in which he did not reside, after receiving notice from its directors that, if he did so, he would be required to pay tuition, he thereby became liable for the tuition accruing after that notice.

Assumpsit for tuition of defendant's children. Plea, the general issue. Trial by court on an agreed statement of facts at the March Term, 1908, Orleans County, *Waterman*, J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*W. W. Reirden* for the defendant.

*W. M. Wright* for the plaintiff.

Munson, J. The plaintiff moves to dismiss the exceptions, and files affidavits in support of his motion. These state that when the case came on for hearing before the justice, plaintiff's counsel made the action appealable by raising the *ad damnum*, and that this was done in consideration of an agreement by defendant's counsel that defendant would take no exceptions to the action of the county court. The defendant files his own affidavit, which states that no such agreement was made with him, and that he has no knowledge that any such understanding was had with his counsel. The exceptions contain nothing regarding the matter. The county court has generally, if not uniformly, refused to settle matters of this kind where counsel differ, and this practice is recognized in county court rule 33. If the court inquired as to the fact in this instance, it must have decided against the plaintiff's claim, for defendant's exceptions have been allowed. If we were to treat the question as properly raised, and were to consider the allegations of the motion sustained by the affidavits, we could not say but that the exceptions were properly allowed on findings made by the county court.

It appears from the agreed statement that for some years prior to the proceedings in question the defendant, a resident of Westmore, had sent his children to a school in Barton; that upon being notified by the Barton directors not to send his children there any longer, he applied to the Westmore directors for transportation for his children to a school in Westmore; that the Westmore directors refused to take any action on his application, and that he thereupon appealed to the county examiner, because dissatisfied with the "school advantages" furnished by the directors of Westmore. The law then provided that such appeals should be heard by a board of referees consisting of the county examiner and two other persons, one to be selected by the

appellant and one by the school directors, but that if either party failed to select a referee the examiner should act alone.  Acts 1904, No. 36.  The examiner acted alone under an agreement between the defendant and the directors of Westmore, and concluded that the facts did not warrant an order for the transportation applied for, but considered . it evident that defendant's children could be better accommodated at the school they had been attending in Barton, and therefore ordered the directors of Westmore to pay such reasonable tuition as might be charged by Barton for the attendance of defendant's children.

This action was unauthorized.  The application was for an order on the directors of Westmore to furnish transportation to a school in Westmore, and the general terms employed in the appeal presented to the examiner did not so enlarge the scope of the inquiry as to include matters affecting the interests of Barton.  Moreover, the directors of Barton had no notice of the hearing, and if Barton was to be affected by the decision they were specially entitled to notice, because of the right of the directors in interest to choose one of the referees.  The examiner's jurisdiction as sole trier of the appeal depended upon the failure to choose, and this failure could not be predicated of those who had no notice.  So the decision rendered by the examiner cast no burden on the plaintiff.

It appears that the defendant had demanded of the directors of both towns the privilege of sending his children to the school in Barton, but the mere demand did not entitle him to the privilege.  *Wallingford* v. *Clarendon,* 81 Vt. 245, 69 Atl. 734.  The plaintiff's claim is only for the time the defendant sent his children after receiving notice that if he did so he would be required to pay the tuition.  As the plaintiff was under no legal obligation to instruct the defendant's children, it had a right to assume from the defendant's action in sending them after receiving the notice, that he assented to the plaintiff's demand and sent them with the expectation of paying.  *Hardwick* v. *Wolcott,* 78 Vt. 23, 61 Atl. 471; *Wallingford* v. *Clarendon,* 81 Vt. 245, 69 Atl. 734.

*Judgment affirmed.*