Davis, J.
In the application of the law of accord and satisfaction, a distinction between liquidated and unliquidated demands is universally recognized. Where there is a bona fide dispute over an unliquidated demand and the debtor tenders an amount less than the amount in dispute, upon an express condition that if accepted it shall be in full of the disputed claim, the creditor must accept it upon the condition unless the condition be waived, otherwise he must refuse it; or if he has received the amount tendered he must return it. 1 Enc. L. & P., 626-628. He cannot accept the tender in *175 such case and recovér the balance which he claims, because- he is presumed to have accepted it upon the express condition on which it was offered.
Generally, however, the law is applied differently in cases of liquidated and undisputed claims, the reason being, as sometimes stated, that the payor pays no more than he is clearly bound in law to pay and there is therefore no consideration for a release of the remainder of the obligation. But even in such a case, it has been held that when the parties have agreed in settlement of a bona fide dispute between them, that the lesser sum shall be received in satisfaction of the greater, it will be regarded as an accord and satisfaction. City of San Juan v. St. John’s Gas Co., 195 U. S., 510. Especially if the agreement has. been fully executed. Dreyfus & Co. v. Roberts, 75 Ark., 354.
Keeping in mind the foregoing principles, it is easy to distinguish from the case in hand all of the cases cited by counsel for plaintiff in error. Indeed, some of them are distinctly against him, notably Fuller v. Kemp, 138 N. Y., 231, and Eames Vacuum Brake Co. v. Prosser, 157 N. Y., 289. In the latter case it was said that, “Ordinarily the retention of a check inclosed in a letter which refers to the amount as the balance due on accounts between the parties, will not be held to be an accord and satisfaction so as to bar an action for the balance due. It is only where a dispute has arisen between the parties as to the amount due, and a check is tendered on one side in full satisfaction of the matter in controversy, that the other party will be deemed to have acquiesced in the amount offered, by an acceptance and retention of the *176 check,” citing in support of the last sentence, Fuller v. Kemp, supra, and Nassoiy v. Tomlinson, 148 N. Y., 326.
Another case, relied upon for the plaintiff in error, is Gassett v. Andover, 21 Vt., 342. There the debtor tendered a sum of money in full for all legal claims which the creditor had against him upon account. The creditor received the money, protesting that it was not sufficient, but said that he would take it and pass it to the debtor’s credit on the account. The debtor expressed no dissent. It was held that the acceptance of the tender did not bar the creditor’s right to recover such- sum as might be found due him on the account. It is entirely clear that the supreme court of Vermont did not regard this judgment as inconsistent with its former judgment in another case, reported in the same volume, McDaniels v. Lapham et al., 21 Vt., 222, in which it was held that “The doctrine, that the receiving a part of a debt due, under an agreement that the same shall be in full satisfaction, is no bar to an action to recover the balance, does not apply to any cases, except when the plaintiff’s claim is for a fixed and liquidated amount, or where the sum could be ascertained by mere arithmetical calculation. But when a party makes an offer of a certain sum to settle a claim, when the sum in controversy is open find unliquidated, and attaches to his offer the condition, that the same, if taken at all, must be received in full, or in satisfaction, of the claim in dispute, and the other party receives the money, he takes it subject to the condition attached to it, and it will operate as an accord and satisfaction, even though the party, at *177 the time of receiving- the money, declare that he will not receive it in that manner, but only in part satisfaction of his debt so far as it will extend.” In this case there is a dispute which'grew out of the inability of the defendant to fulfil his contract to deliver 10,000 bushels of oats during the month of August at thirty-seven cents a bushel. The defendant sought to limit his liability by securing a settlement at the highest market price on August 17th; and he insists that he succeeded in doing so and paid the amount agreed upon, although the plaintiff attempted to recede from the settlement and sought to hold him on the original contract. The plaintiff denies all of this, except the payment of the money. Here was a real controversy, which yet exists, over the amount of the defendant’s liability. It was a dispute over a demand which was yet contingent and the amount of which was not yet determined. We have at present no concern as to the merits of this contention. It is enough for our present purpose that it plainly appears that there was such a difference between these parties; and that, the defendant sent to the plaintiff his .check, indorsed on ’the face of it, “Settlement in full August account,” and accompanied it with a letter saying, “Enclosed' find my check for $300, which, according to our talk over the ’phone today is settlement in full for the 10,000 bushels oats sold you May 29, 1907, for August shipment.” There was no othpr claim or account between them and this .plainly expressed condition of payment was never withdrawn; for mere silence by the debtor under the circumstances of this case does not amount to a withdrawal of the condition, nor *178 a' waiver of it. The plaintiff, had only one alternative, to accept the check as payment in full or to return it. He kept it and drew the money on it, knowing the condition imposed, and thereby completed the transaction as an accord and satisfaction.
The judgment of the court below is

Affirmed.

Summers, C. J., Crew, Spear, Sitauck and Price, JJ., concur.