TOWN SCHOOL DISTRICT OF MAIDSTONE *v.* CLARENCE H. DEMPSEY
ET AL.

May Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ.

Opinion filed October 6, 1931.

*Porter, Witters & Longmore* and *Bernard Jacobs* (of Lancaster, N. H.) for the plaintiff.

*Searles & Graves* for the defendants.

SLACK, J. This is a petition for a writ of *certiorari* to review a judgment and order of the commissioner of education. In fact the petition embraces two separate and distinct judgments and orders, one in favor of the defendant Stevens and the other in favor of the defendant O'Maro; but since they stand substantially alike and have been considered together thus far, we so treat them.

Each of the defendants filed an answer to the petition, and Stevens and O'Maro filed a motion to quash it. The questions raised by the motion are the only ones before us.

The petition alleges in substance that both Stevens and O'Maro are residents of the plaintiff school district, and had children of school age who attended school in Groveton, New Hampshire, for a period of fifty weeks beginning in September, 1927, and ending December 14, 1928; that such children were not sent to the Groveton school by reason of any arrangement or order of the school directors of the plaintiff, nor had such school directors made any contract or agreement with the parents of such children for their transportation to the Groveton school, or for compensation in lieu of such transportation; that on December 1, 1928, both Stevens and O'Maro made application to the school directors of the plaintiff for pay or compensation for transporting their children to the Groveton school during the period aforesaid; that thereupon the school directors undertook to compromise such claims and offered Stevens and O'Maro each, one hundred and fifty dollars in full settlement of their respective claims, which they refused; that at a meeting of the school directors held December 6, 1928, at which Stevens and O'Maro were present, the following action was taken respecting their claims, to quote from the record of that meeting: "In regard to the transportation which the claimants say began when the so-called Stevens school closed in September, 1927, and continued for fifty weeks until December 14, 1928, an offer was made to each party, Mrs. O'Maro and Glen Stevens, Sr., of $150. each in full to the above date. This offer was refused. The Board does not feel that it is legally bound to pay any transportation and does not hold the above offer open one instant after its refusal."

Both Stevens and O'Maro in their answers deny any attempt to compromise their claims by the school directors, and deny that the action evidenced by the record quoted was taken at the meeting of December 6, 1928, and allege that at that meeting the school directors voted to pay each of them, one hundred and fifty dollars.

Be that as it may, they admit that they took an appeal from the action of the school directors, whatever it was, to the commissioner of education, as is alleged in the petition.

The petition further alleges that such proceedings were thereafter had by and before the commissioner that on January 9, 1930, he "determined, ordered and decided" that the plaintiff should pay to each the said Stevens and O'Maro the sum of one hundred and fifty dollars in full payment for transportation due them on account of said children "for the period in question."

The petition further alleges, in substance, that the commissioner had no jurisdiction to hear and pass upon said claims, and especially such part thereof as accrued prior to the application for compensation; that in making his decision he acted in a judicial capacity, and that he abused his discretion therein; that Stevens and O'Maro have brought separate suits against the plaintiff in the Essex County municipal court, which are still pending, to recover the amount awarded them by the commissioner.

The petition prays that further prosecution of those suits be stayed; that the matters alleged in the petition be reviewed and determined by this Court; that upon final hearing the judgment of the commissioner be annulled, and for general relief.

The motion assigns several reasons why the petition should be quashed, only two of which it is necessary to consider, namely, whether the commissioner acted in a judicial capacity, which the motion denies, and whether he had jurisdiction of the subject-matter, which the motion affirms.

The determination of these questions requires an examination of the provisions of the statute whence the commissioner and the school directors derive such authority as they have in the premises.

Section I, Act No. 34 of the Laws of 1925 provides: "The board of school directors shall have control of and regulate the transportation and board of pupils in the school under its charge as hereinafter provided, and contracts therefor shall be made by it."

Section 2 of the same act provides that certain pupils who reside at least one and a half miles from the school they are required to attend "may be furnished with such total or partial transportation to such school, or board, or compensation in lieu of transportation or board, as is in the opinion of the board of school directors reasonable and necessary," etc. It further provides that such compensation shall be payable only in return for

such actual transportation or board "as shall be stipulated by the school directors."

Section 5 of such act provides: ".Any interested person or taxpayer who is dissatisfied with the decision of the board of school directors as to transportation, board or compensation for a pupil, may appeal to the commissioner of education, who shall determine the matter and his decision shall be final."

■ ■ We think that in passing upon appeals taken pursuant to the provision of the statute last quoted the commissioner acts in a judicial, or *quasi* judicial capacity. The fact that in the main his duties are executive or ministerial does not affect the situation when he is called upon to determine the rights of the parties to such an appeal. In disposing of those matters he is to be governed by the same rule prescribed by the statute for the guidance of the school directors in the first instance, namely, he may order such transportation, total or partial as is in his opinion reasonable and necessary. This does not contemplate arbitrary action by him, but action based upon knowledge of the attending circumstances. The very nature of his duty respecting such appeals implies that his decision shall be based upon some information regarding the claim presented. *State* v. *Howard*, 83 Vt. 6, 18, 74 Atl. 392. Whence is he to get such information except from the parties interested, who are the claimant, the school directors, and the taxpayer, if perchance the appeal is taken by a taxpayer; and how are they to furnish such information if given no opportunity to do so?

We cannot accede to the defendant's contention that the commissioner has power to decide such matters summarily without hearing or investigation, or that he may give a taxpayer who appeals a hearing or not as he sees fit.

■ Doubtless the taxpayer was given the right to appeal because of his interest in the matter, and because no one else can appeal from a decision favorable to the claimant—obviously, the school district cannot. We think it equally certain that such an appeal, or any appeal authorized by the statute under consideration, unless otherwise disposed of, entitles the appellant to have the subject-matter thereof heard, upon due notice, and determined upon the proof produced at such hearing. Any other construction of this statute would do violence to the plain legislative intent evidenced thereby.

The fact that the statute fails to provide for notice does not obviate the necessity for giving one, *In re Allen,* 82 Vt. 365, 73 Atl. 1078, 26 L. R. A. (N. S.) 232; *Bioni et ux* v. *Haselton,* 99 Vt. 453, 134 Atl. 604, nor justify the defendants' contention that the Legislature did not intend to provide for a hearing, upon due notice, by the commissioner. The practical construction given this statute by the commissioner, himself, in the instant case refutes this claim, since it appears from his answer that two hearings were had before him on the appeal of Stevens and O'Maro, and that due notice of each was given the respective parties.

In view of our conclusion as to the necessity for notice and hearing, our holding that the commissioner acted in a *quasi* judicial capacity in disposing of this appeal is supported by *Davidson* v. *Whitehill et al.,* 87 Vt. 499, 89 Atl. 1081.

█ The second ground of the motion is likewise untenable. Whether a town school district is liable for transportation furnished without previous contract or arrangement therefor we need not, and do not, decide; but it is manifest that the statute does not give the commissioner jurisdiction of claims for transportation so furnished. That his authority is limited to claims for present or future transportation seems clear from the language of the statute. His powers are no greater than those of the board of school directors. Section I of the statute quoted provides that such board shall have the control of and regulate the transportation of pupils in the schools under its charge, and that "contracts therefor shall be made by it"; and the following section provides that, compensation for transportation shall be paid only for such actual transportation "as shall be stipulated by the school directors." Clearly, these provisions were intended to apply to prospective, and not to retrospective, claims for transportation, else the Legislature used most inapt language to express what it had in mind. Nor does such construction do injustice to anyone. To require one who feels that he is entitled to pay for transportation to have his rights thereto determined in advance imposes no hardship on him, and enables the school district to know at all times the extent of its liability on such claims. These claimants having acted entirely on their own initiative in furnishing transportation for more than a year before presenting any claim therefor to the school directors, their redress, if any, is in another forum, since the commissioner

did not have jurisdiction of the subject-matter of these claims. See *In re Estate of Woolley, etc.*, 96 Vt. 60, 117 Atl. 370. What is said in the closing paragraph of the opinion in *Town School District of Hardwick* v. *Town School District of Wolcott*, 78 Vt. 23, 61 Atl. 471, applies to such claims.

■ The commissioner undoubtedly had jurisdiction of the parties, but since he lacked jurisdiction of the subject-matter his order or judgment goes for naught.

■ It is urged that the question of his jurisdiction was not raised before the commissioner. It was of such character that that was not necessary in order to make it available in these proceedings.

■ It is said that the allegations of the petition are too vague and indefinite to raise any question respecting the jurisdiction of the commissioner. The petition alleges, in effect, that he had no authority or jurisdiction to hear and determine that part of said claims that accrued before they were presented to the school directors, and that he had no authority to hear and determine actions of law between the parties. Such allegations sufficiently point out the claim relied upon.

The amount awarded by the commissioner to each claimant included pay for transportation to December 14, 1928, approximately two weeks after the claims were presented to the school directors, but since the award was for a lump sum, no question arises respecting this.

*Petition sustained, issuance of writ ordered, and the proceedings being certified to this Court, ordered that the order and judgment of the commissioner of education be vacated, and that further prosecution of the suits of Stevens and O'Maro against the petitioner be perpetually enjoined. Let the judgment be certified to the commissioner of education to be forwarded to the judge of the Essex County municipal court as the law directs.*